United States Court of Appeals
Fifth Circuit

**F I L E D**

May 3, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-51359
Summary Calendar
_____

SALVADOR ESPARZA, Individually and as
Representative of the Estate of Eduardo Esparza;
ROSA ESPARZA, Individually and as Representative
of the Estate of Eduardo Esparza, Deceased,

                                        Plaintiffs-Appellants,

versus

ANDREWS BOARD OF TRUSTEES; ET AL.,

                                        Defendants,

ANDREWS BOARD OF TRUSTEES; PETE FRANCIS,
Individually and in his capacity as President
of the Andrews Board of Trustees; CHARLIE MOHN, Dr.,
Individually and in his official capacity as
Vice President of the Andrews Board of Trustees;
PATTY MCPHEARSON, Individually and in her official
capacity as Secretary of the Board of Trustees;
BRAD HORTON, Individually and in his official
capacity as member of the Andrews Board of Trustees;
LEE MAGEE, Individually and in his official capacity
as member of the Andrews Board of Trustees; ANDREWS
INDEPENDENT SCHOOL DISTRICT; ERVIN HUDDLESTON, Dr.,
Individually and in his official capacity as Superintendent
of Andrews Independent School District (AISD); MICHAEL
A. FETNER, Individually; ROBERT CRAWFORD, Individually,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-00-CV-44
--------------------

Before REAVLEY, JONES and PRADO, Circuit Judges.

PER CURIAM:*

Rosa and Salvador Esparza, individually and as representatives of the estate of their deceased son Eduardo Esparza, appeal the district court's order granting the summary judgment motion of the Andrews Board of Trustees and its members, the Andrews Independent School District (AISD), Ervin Huddleston, the Superintendent of AISD, and Michael Fetner and Robert Crawford, principals in AISD.

The court has jurisdiction to review this appeal because the district court entered final judgment with respect to these appellees pursuant to FED. R. CIV. P. 54(b). See Barrett v. Atlantic Richfield Co., 95 F.3d 375, 379 (5th Cir. 1996).

The Esparzas argue that AISD, the Andrews Board of Trustees, and it administrators failed to adopt a policy or custom to ensure the safety of children on swimming field trips and that their failure to do so constituted deliberate indifference to Eduardo Esparza's constitutional rights. They argue that the district court's determination that AISD, the Andrews Board of Trustees, and its administrators consistently employed a practice of having a lifeguard present at the pool was erroneous in light of the testimony that there was no lifeguard present at the time

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the incident. The Esparzas also argue that the practice did not rise to the level of a custom because of its infrequent use and the lack of evidence that AISD and the Andrews Board of Trustees were aware of the policy.

Even accepting as true the evidence presented by the Esparzas that the lifeguard was not present at the time of the incident, the Esparzas failed to produce evidence to refute the appellees' evidence proving the existence of a long term practice to require a lifeguard at the Andrews High School swimming pool whenever it was used by outside groups. The record supports a finding that AISD, the Andrews Board of Trustees, and their policymakers were aware of this practice and that it was so consistently employed as to constitute a district policy. See Eugene v. Alief Indep. Sch. Dist., 65 F.3d 1299, 1304 (5th Cir. 1995).

The Esparzas also failed to present evidence that the practice had been inadequate in the past or that it was obvious that the policymakers' failure to adopt all the precautions suggested by the Esparzas would result in the deprivation of a child's constitutional rights. Rhyne v. Henderson County, 973 F.2d 386, 392 (5th Cir. 1992). The Esparzas did not demonstrate that the custom or practices of AISD or the Andrews Board of Trustees or their failure to implement a different practice were acts of deliberate indifference which resulted in the deprivation of Eduardo Esparza's constitutional rights.

Board of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 404-05 (1997).

Although the Esparzas' allegation that Eduardo was deprived of a protected liberty interest as a result of the deliberate indifference of school employees stated a claim for the deprivation of a clearly established constitutional right, cf. Doe v. Taylor Indep. Sch. Dist., 15 F.3d 443, 451 (5th Cir. 1994) (en banc), they failed to show that the individual appellees' conduct was objectively unreasonable in light of the existing law. The Esparzas did not provide evidence showing that the individual appellees failed to implement a safe practice or deliberately placed the child in a dangerous situation. There was no evidence of past incidents showing deliberate indifference in the training of their subordinates. See Snyder v. Trepagnier, 142 F.3d 791, 799 (5th Cir. 1998). Therefore, the district court did not err in granting the individual appellees qualified immunity. Jones v. City of Jackson, 203 F.3d 875, 879 (5th Cir. 2000).

The district court's judgment granting summary judgment in favor of the defendants-appellees and dismissing the claims against them is AFFIRMED.